UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | | |
|---|---|---|
| FLORA D. ASHER, Administratrix of the | ) | |
| Estate of James Asher, THE ESTATE OF | ) | |
| JAMES ASHER, FLORA D. ASHER, | ) | Civil Action No. 6: 05-84-DCR |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| BLUE DIAMOND COAL CO., et al., | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of the Plaintiffs' motion to remand to the Leslie Circuit Court. [Record No. 8] Defendants Simon-Telelect, Inc. and Terex-Telelect, Inc. (collectively, "Telelect"), oppose the motion. For the reasons that follow, the Court will grant the Plaintiff's motion.

In their Complaint, the Plaintiffs included Chas Coal, LLC as a defendant. Chas Coal, however, filed for bankruptcy protection several months before issuance of the Complaint. Thus, on the basis of 28 U.S.C. § 1452(a), Chas Coal removed the action to this Court. Shortly after that removal (and before Chas Coal had filed an answer or motion for summary judgment), the Plaintiffs sought to dismiss Chas Coal. [Record No. 8] That motion was granted, pursuant to Rule 41(a)(1)(i) of the Federal Rules of Civil Procedure. [Record No. 9] The Plaintiffs argue that, with Chas Coal dismissed from this matter, this action should be remanded to state court.

-1-

Telelect argues that this Court should retain jurisdiction because jurisdiction was proper at the time of the filing of the Complaint.

## I.    BACKGROUND

The Plaintiffs allege that James Asher was killed on February 3, 2004 while dismantling a metal bay at the surface area of Calvary Coal Co. at Smilax, Kentucky. Plaintiffs claim that while removing a post using a dual aerial bucket truck, the bucket catapulted upward, throwing him from the bucket and causing his death. The Plaintiffs assert various state law causes of action, alleging negligence on the part of each Defendant. Several months after Asher's death, Chas Coal filed a petition for bankruptcy protection.

## II.    ANALYSIS

At the time of removal, federal jurisdiction was vested pursuant to 28 U.S.C. § 1542(a) due to Chas Coal's status as a party in bankruptcy. This case was removed by Chas Coal as a non-core matter "related to" its pending bankruptcy proceedings. (Notice of Removal at ¶ 9) Rather than challenge whether this proceeding fell within the broad scope of this Court's "related to" bankruptcy jurisdiction, *In re Salem Mortgage Co.*, 783 F.2d 626, 634 (6th Cir. 1986), the Plaintiffs dismissed Chas Coal soon after removal and simultaneously sought a remand to state court.[1] Telelect, however, argues that this Court should retain jurisdiction, because jurisdiction "depends upon the state of things at the time of the action brought." *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567 (2004). It also admits, however, that neither federal question nor diversity jurisdiction exists in this case.

---

[1]    The Plaintiffs mistakenly argues that removal was based upon diversity of jurisdiction.

Although this Court's bankruptcy jurisdiction does not require it to remand a case once the jurisdictional nexus is removed (unlike diversity jurisdiction), district court have broad discretion in both abstaining from bankruptcy proceedings and remanding such proceedings. Title 28 of the United States Code, Section 1334(c), provides for both mandatory and discretionary abstention:

> (1) Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

> (2) Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

*Id.*

In evaluating the issue presented, the Court must first consider whether the conditions for mandatory abstention have been met. Pursuant to Section 1334(c)(2), mandatory abstention applies when: (1) a timely motion is made; (2) the claim or cause of action is based upon state law; (3) the claim or cause of action is "related to" a bankruptcy case, but did not "arise in" or "arise under" the bankruptcy case; (4) the action could not have been commenced in federal court absent § 1334 jurisdiction; (5) the action is commenced in a state forum of appropriate jurisdiction; and (6) the action can be timely adjudicated in state court. *In re Nat'l Century Fin. Enterprises, Inc., Inv. Litig.*, 323 F. Supp. 2d 861, 873 (S.D. Ohio 2004). Although the Plaintiffs did not file a motion for abstention, they filed a motion to remand, which satisfies the first

-3-

requirement. *Cf. id.* at 874 ("Plaintiffs filed their motions for remand or abstention within one month of removal of their respective cases.") The next four factors are also satisfied in that: (a) the claims involve only state law; (b) they are related to a bankruptcy matter but do not arise under it; (c) there is no independent basis for federal jurisdiction; and (d) an action has been commenced in the Kentucky state courts. *See Robinson v. Mich. Consol. Gas Co. Inc.*, 918 F.2d 579, 584 n.3 (6th Cir. 1990) (the provisions of 1334(c)(2) apply to actions removed from state court); *In re Inv. Litig.*, 323 F. Supp. 2d at 875. The final factor, however, is problematic. Although the Court does not doubt that the Leslie Circuit Court is capable of timely adjudicating this matter (and Telelect has not suggested otherwise), "[t]he burden of proving timely adjudication is on the party seeking abstention." *Id.* at 881 (quoting *In re Midgard Corp.*, 204 B.R. 764, 778 (B.A.P. 10th Cir. 1997)). The Plaintiffs have not addressed this issue and thus, have not met their burden for establishing mandatory abstention.

The Court may also consider discretionary abstention pursuant to Section 1334(c)(1), which authorizes abstention in the interests of justice or comity. Numerous courts have held that in a "related to" proceeding, the termination of the bankrupt party's bankruptcy proceedings should ordinarily trigger abstention and/or remand. *In re Porges*, 44 F.3d 159, 162 (2d Cir. 1995) ("We join several other circuits in adopting the general rule that related proceedings ordinarily should be dismissed following the termination of the underlying bankruptcy case."); *accord Matter of Statistical Tabulating Corp., Inc.*, 60 F.3d 1286, 1289 (7th Cir. 1995); *Matter of Querner*, 7 F.3d 1199, 1201 (5th Cir. 1993); *In re Morris*, 950 F.2d 1531, 1534 (11th Cir. 1992); *In re Smith*, 866 F.2d 576, 580 (3d Cir. 1989); *In re Bli Farms*, 294 B.R. 703, 705 (Bankr.

-4-

E.D. Mich. 2003).  The Sixth Circuit has not squarely addressed the issue, but has noted in a footnote that "dismissal of an underlying bankruptcy case does not *automatically* strip a federal court of residual jurisdiction to dispose of matters after the underlying bankruptcy case has been dismissed, exercise of such jurisdiction is left to the sound discretion of the trial court."  *In re Javens*, 107 F.3d 359, 364 n.2 (6th Cir. 1997) (quoting *In re Lawson,* 156 B.R. 43, 45 (B.A.P. 9th Cir. 1993)) (emphasis added).

The case of *Allen v. City Finance Co.*, 224 B.R. 347 (S.D. Miss. 1998), involved a similar issue.  The plaintiffs claimed that the defendants violated the Mississippi Uniform Commercial Code by mishandling various loans for which the plaintiffs were debtors.  Several plaintiffs were in bankruptcy.  The defendants removed the case from state court, citing the federal court's bankruptcy jurisdiction and federal question jurisdiction.  The plaintiffs subsequently dismissed the claims of all plaintiffs in bankruptcy.  Thereafter, the remaining plaintiffs filed a motion to remand, arguing that federal jurisdiction was not proper.  The district court first dismissed the defendants' assertion of federal question jurisdiction.  Next, the court concluded that because bankruptcy jurisdiction depends on the facts as they "existed at the time of removal," jurisdiction remained despite the dismissal of the bankrupt parties.  *Id*. at 351-52.  The court next considered whether discretionary abstention was appropriate, citing the following relevant factors:

> (1) the effect or lack thereof on the efficient administration of the estate if the Court recommends abstention;
> (2) extent to which state law issue predominate over bankruptcy issues;
> (3) difficulty or unsettled nature of the applicable law;
> (4) presence of related proceeding commenced in state court or other nonbankruptcy proceeding;
> (5) jurisdictional basis, if any, other than § 1334;
> (6) degree of relatedness or remoteness of proceeding to main bankruptcy case;

(7) the substance rather than the form of an asserted core proceeding;
(8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;
(9) the burden of the bankruptcy court's docket;
(10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;
(11) the existence of a right to a jury trial;
(12) the presence in the proceeding of nondebtor parties;
(13) comity; and
(14) the possibility of prejudice to other parties in the action.

*Id*. at 353 (citations omitted).  After applying these factors, the court found:

> that the factors of discretionary abstention point toward remand.  All of the bankrupt Plaintiffs have been dismissed from this lawsuit.  Nothing that happens in this lawsuit will affect the administration of the bankruptcy estates of these dismissed Plaintiffs.  Since none of the remaining Plaintiffs are in bankruptcy, there are no bankruptcy issues that the Court must decide, and state law issues predominate.
>
> The only jurisdictional basis this Court has over the case is the bankruptcy of the dismissed Plaintiffs.  Thus, there is no jurisdictional basis other than § 1334.  Yet, since these Plaintiffs have been dismissed, this case has no relatedness to the bankruptcy cases.  Stated another way, the substance of the asserted core proceeding actually has nothing to do with bankruptcy.

*Id*.

The Sixth Circuit has also noted that "[t]he degree to which the related proceeding is related to the bankruptcy case, as a practical matter, will doubtless be an important factor in the decision whether to abstain."  *In re Salem Mortg. Co.*, 783 F.2d 626, 635 (6th Cir. 1986).  In addition, when considering discretionary abstention, "federal courts should be hesitant to exercise jurisdiction when state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought."  *In re White Motor Credit*, 761 F.2d 270, 274 (6th Cir. 1985) (citation omitted).

-6-

Applying the factors from *Allen* along with guidance from the Sixth Circuit, it is clear that the Court should abstain from asserting jurisdiction over a "related to" proceeding which no longer involves a party in bankruptcy and lacks both diversity and federal question jurisdiction, in accordance with the general rule for cases involving dismissal of the bankruptcy or bankrupt party. There are no bankruptcy issues to decide and nothing that happens in this case will impact a bankruptcy estate. This case involves purely issues of state law and state courts are in a better position to resolve factual issues resting solely on state law. *Bituminous Cas. Corp. v. J&L Lumber Co., Inc.*, 373 F.3d 807, 816 (6th Cir. 2004). In addition, this case has been pending in this Court for just over three months and there is no judicial economy served by maintaining the action here. Finally, several un-served defendants are Kentucky citizens and thus would have little reason to favor federal jurisdiction.[2]

The only factor Telelect cites in favor of federal jurisdiction is its allegation that the Plaintiffs have engaged in forum shopping and jurisdiction manipulation. However, it is equally plausible that the Plaintiffs dismissed Chas Coal due to their intervening bankruptcy and the (apparently) limited nature of Chas Coal's involvement in this lawsuit. Indeed, the Complaint does not mention any negligent act or omission by Chas Coal and it seems likely that Chas Coal could have prevailed on a motion to dismiss. In fact, it does not appear that the Plaintiffs sought to dismiss Chas Coal to avoid federal jurisdiction, as the Plaintiffs seemed to believe that removal was based upon diversity jurisdiction and Chas Coal is a Kentucky corporation. Thus,

---

[2]     If the Plaintiffs fail to timely complete service on these defendants, diversity jurisdiction may arise. The notice of removal, however, was not premised on diversity jurisdiction and Telelect does not assert diversity jurisdiction.

the Plaintiffs could not have believed that dismissing Chas Coal would have removed any possible diversity jurisdiction because the Plaintiffs are also Kentucky citizens. Finally, it is worth noting that this is not a case in which Telelect has a right to assert federal jurisdiction. The case involves only state law and several defendants are Kentucky citizens. In short, the previous (and tenuous) connection to federal jurisdiction was removed by the dismissal of Chas Coal. Thus, there is no reason for this matter to proceed in federal court. Kentucky courts are better suited to adjudicate cases involving state law involving parties that lack complete diversity.

When a district court finds that abstention is appropriate, remand pursuant to 28 U.S.C. § 1452(b) is favored. *In re Premier Hotel Dev. Group*, 270 B.R. 243, 258 (Bankr. E.D. Tenn. 2001). That section provides for remand of a removed bankruptcy-related proceeding "on any equitable ground." "The presence of factors suggesting discretionary abstention pursuant to 1334(c)(1) and factors requiring mandatory abstention under 1334(c)(2) provides ample equitable grounds for remand of the lawsuit to state court." *Id*. (quoting *Roddam v. Metro Loans, Inc.,* 193 B.R. 971, 981 (Bankr. N.D. Ala. 1996)).

### III.   CONCLUSION

For the reasons discussed herein, it is hereby

**ORDERED** that the Plaintiffs' motion to remand [Record No. 8] is **GRANTED**. This action is **REMANDED** to the Leslie Circuit Court for further proceedings.

This 2nd day of June, 2005.

 Signed By:

*__Danny C. Reeves__*

United States District Judge